UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**TOMMY D. SHARP**
**3835 RAINBOW DRIVE**
**NEW ALBANY, IN 47150**

    **PLAINTIFF**

v.                                  CIVIL ACTION NO. 3-11-cv-688-S

**AKER PLANT SERVICES GROUP, INC.**
**9911 SHELBYVILLE ROAD**
**LOUISVILLE, KY 40223**

    **DEFENDANT**

**SERVE:**    CT CORPORATION SYSTEMS
                4169 WESTPORT ROAD
                LOUISVILLE, KY 40207

## COMPLAINT

Comes the Plaintiff, Tommy D. Sharp (Sharp), in person and by counsel, and for his Complaint against the Defendant states as follows:

1. Tommy Sharp is an adult male born in 1956 and resides in New Albany, Indiana.

2. Aker Plant Services Group, Inc. (Aker) is a for profit foreign corporation, licensed to do business in the Commonwealth of Kentucky, and maintains its local operations at 9911 Shelbyville Road, Jefferson County, Kentucky.

3. Aker's principal U.S. office is located at 3600 Briarpark Drive, Houston, Texas. Aker Solutions, through its subsidiaries and affiliates, such as Aker Plant Services Group, Inc., provides engineering and construction services, technology products and integrated solutions to industry.

4. This Court has jurisdiction of the matter under 28 USC §1331, §1332, §1337 and §1441. Diversity jurisdiction is appropriate between Plaintiff and Defendant.

5. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## CLAIMS AND CAUSES OF ACTION

6. Sharp's claim is discrimination on the basis of retaliation in violation of 29 USC §621 et seq.

7. Sharp was formerly employed as electrical designer with Aker from 2003 until he was separated from his employment on January 30, 2009.

8. Sharp satisfactorily performed the duties and responsibilities assigned to him at Aker, and his performance evaluations reflected the successful completion of his employment responsibilities.

9. In January 2009 Sharp was selected for lay-off from within his design team.

10. Sharp had longer job tenure and more experience than co-employee Bill Kirkpatrick, age 42, who was retained.

11. At the time of separation from employ, Sharp was earning in excess of $80,000.00 per year plus fringe benefits and other emoluments.

12. During Sharp's discussions with his manager Mike Hudson about the lay-off decision in January 2009, Hudson made statements that Sharp's age was a material factor in the decision to retain Kirkpatrick.

13. Sharp retained an attorney and formally complained of age discrimination to Aker shortly after his lay-off.

14. On June 4, 2009 Sharp filed a complaint in Jefferson Circuit Court against Aker asserting age discrimination under KRS Chapter 344.

15. The state court action was removed to federal court on June 17, 2009 on the basis of diversity jurisdiction and became Civil Action No. 3:09-cv-00429, Sharp v. Aker Plant Services Group.

16. Summary judgment was entered in favor of Aker on March 11, 2011.

17. A Notice of Appeal was filed on April 6, 2011 in the United States Court of Appeals for the Sixth Circuit, No. 11-5419, and is pending after submission of briefs.

18. Sharp applied on or about July 7, 2010 to be re-employed with the Defendant for a vacancy that was advertised to be filled at his former plant site.

19. Sharp was not selected to fill the vacancy nor granted an interview.

20. Sharp was the superior candidate to fill the position, based upon training, experience and his former employment in the position.

21. Sharp's complaint of age discrimination against Aker, as embodied in his formal complaint after lay-off and in his litigation, was a material factor in Aker's decision not to re-employ him.

22. The decision not to re-employ Sharp was in retaliation for his age discrimination claim, violating 29 USC §612, §623(d), §626(b), 29 USC §216(c) and was willful, wanton and in reckless disregard for Sharp's protected rights and career interests.

21. Sharp filed a charge with the EEOC on April 22, 2011 alleging age discrimination and retaliation for failure to rehire.

22. The EEOC issued a right to sue notice on September 19, 2011.

23. As a result of Aker's retaliatory actions, Sharp has suffered past and future lost wages, lost benefits, embarrassment, humiliation and impairment to future earning capacity.

## CLAIM FOR RELIEF

**WHEREFORE**, Sharp respectfully prays for the following relief for willful discrimination:

1. Judgment in favor of Plaintiff and requiring Defendant to pay appropriate backpay, an equal sum as liquidated damages and pre-judgment interest in amounts to be proven at trial pursuant to 29 USC §§ 216(c) and 626(b).

2. Judgment in favor of Plaintiff against the Defendant for actual damages, loss of revenue including backpay, benefits, loss of future earnings and appropriate award of damages for lost retirement benefits pursuant to 29 USC §626(b).

3. Judgment in favor of Plaintiff and an award of damages for compensatory damages in mental anguish, personal suffering, professional embarrassment and public humiliation, in an amount to be proven at trial.

4. For an award of punitive damages as permitted by statute or common law.

5. As affirmative relief, judgment compelling employment to the position for which Sharp applied or a position of comparable status with the Defendant, at the same or comparable rate of compensation and benefits which he would have enjoyed had he been lawfully hired pursuant to 29 USC §626(b).

6. An award of costs for the action, together with a reasonable attorney's fee, as provided by Section 7b of the ADEA, 29 USC §626(b) and, by incorporation, 29 USC §216(b).

7. To grant Sharp such additional equitable and legal relief as may be demonstrated by the pleadings and evidence.

8.     For a trial by jury.

                                      Respectfully submitted,

                                      PRIDDY, CUTLER, MILLER & MEADE PLLC

                                      s/Don Meade
                                      Don Meade
                                      dmeade@pcmmlaw.com
                                      800 Republic Bldg.
                                      429 W. Muhammad Ali Blvd.
                                      Louisville, KY 40202
                                      Phone: (502) 632-5290
                                      Facsimile: (502) 632-5291
                                      **Counsel for Plaintiff, Tommy D. Sharp**