UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TOMMY D. SHARP                                                                                       PLAINTIFF

v.                                                 CIVIL ACTION NO. 3:11CV-688-S

AKER PLANT SERVICES GROUP, INC.                               DEFENDANT

### **MEMORANDUM OPINION**

This matter is before the court for consideration of the following motions:

(1) Motion of the defendant, Aker Plant Services Group, Inc. ("Aker"), for summary judgment (DN 25).

(2) Motion of Aker for leave to file a supplemental brief in support of its motion for summary judgment (DN 32).

(3) Motion of the plaintiff, Tommy D. Sharp ("Sharp"), to amend the complaint (DN 34).

(4) Motion of Sharp for a status conference (DN 37).

#### Factual Background[1]

Aker provides technology products and engineering, procurement, and construction management services for manufacturing companies. One of Aker's customers, E.I. DuPont de Nemours and Company (DuPont), operates a plant in Louisville, Kentucky, where Aker maintains a team of employees. At the time relevant to this litigation Aker's Louisville site team consisted of

---

[1]The brief background recited herein concerning this and the related case of *Sharp v. Aker Plant Services Group, Inc.*, 3:09CV-429-S (the " '09 case") is taken from the opinion of the United States Court of Appeals for the Sixth Circuit reversing and remanding the '09 case for further proceedings.

the site project manager, Mike Hudson; Tommy Sharp, who was one of four electrical and instrumentation (E & I) designers, and various other individuals.

Sharp began working for Aker as a contract employee in 2003. He was hired as an Aker employee in January 2005 and worked exclusively at the Louisville plant. In 2008 and 2009, several Aker employees, including Sharp, were laid off due to a downturn in Aker's business. Sharp, who was 52 years old at the time, contends that he was eliminated because of his age. Sharp's main contention is that his termination was a direct result of Mike Hudson's decision to train a younger employee, rather than Sharp, to replace lead designer Larry Ash.

The key piece of evidence for Sharp consists of two conversations with Hudson that occurred in 2009 after Sharp was told he would be laid off. When Hudson informed Sharp of his termination on January 15, 2009, Hudson mentioned that age played a factor in the decision. The conversation prompted Sharp to bring in an audio-recording device the following Monday to secretly record a second conversation with Hudson. Sharp obtained the recording in which Hudson again discussed age as a factor in the layoff decision.

Sharp then filed a complaint in Kentucky state court alleging that Aker fired him based on age, in violation of the Kentucky Civil Rights Act, KRS Chapter 344. (referred to herein as the "'09 case"). Aker removed the case to this court under our diversity jurisdiction and moved for summary judgment. This court granted Aker's motion, finding that Hudson's comments did not reflect age bias, but rather a concern for maximizing the return on training costs by retaining employees who would stay with the company longer. Sharp appealed.

The United States Court of Appeals for the Sixth Circuit reversed, noting that the most important piece of evidence concerning impermissible motive was the transcript of Hudson's

conversation with Sharp. The Court of Appeals concluded that Sharp had offered direct evidence that, if believed by the jury, proved that age was the reason Aker fired him. The court stated, "Certainly there are other explanations, but the true reason for termination is a question that cannot be answered as a matter of law." The '09 case is now back before this court on remand for further proceedings. However, the '09 matter is not the subject of this opinion.

Hudson and Aker's HR Director, Scott Atkins, gave statements by deposition and affidavit during discovery in the '09 case. Aker filed its summary judgment motion in May, 2010. On July 7, 2010 while summary judgment was pending, Sharp applied for reemployment with Aker. Atkins received an email on July 8, 2010 from the staffing agency to which Sharp had applied. He responded to the agency that he would not consider Sharp for reemployment, stating:

> Yes, we do know Tom. He does acceptable work as a designer, but he violated a DuPont mandate on the use of electronic recording devices on company property when last employed here. There are combustible materials in the plant that can potentially be ignited by the use of cell phones, recorders, cameras, etc...DuPont maintains a zero-tolerance approach to safety violations on its property so, unfortunately, we will not be able to consider Mr. Sharp for this role.

DN 25-1, p. 15, quoting Ex. L.

Procedural Background

On April 22, 2011, Sharp filed an EEOC complaint for unlawful retaliation. The EEOC dismissed the charge on September 19, 2011, and Sharp filed the action at bar (the " '11 action") on January 23, 2012 citing federal question and diversity jurisdiction, and alleging retaliation in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq*. ("ADEA"). Aker has moved for summary judgment in this case, urging that Sharp has failed to establish either a *prima facie* case of retaliation or pretext with respect to that claim. Thereafter, Aker moved for summary judgment on the ground that the action was not timely filed within ninety

days of Sharp's receipt of his right-to-sue letter. While citing the date of the letter in their motion for summary judgment, Aker apparently did not consider the ninety-day limitation until after briefing was completed on its summary judgment motion.

Upon the filing of Aker's motion to supplement its brief to raise this argument, Sharp moved to amend its complaint to assert a claim for retaliation under the Kentucky Civil Rights Act, KRS Chapter 344. While Sharp invoked this court's diversity jurisdiction in the original complaint, he did not allege a violation of KRS Chapter 344 at that time. Sharp contends that he intended to make such a claim, but realized his omission when Aker moved to supplement.

Analysis

Sharp objects to Aker's proposed supplement on the ground that Aker possessed the information concerning the date of receipt of the right-to-sue letter prior to the filing of its motion for summary judgment, and thus should have included the argument in its initial brief.

Aker objects to Sharp's motion for leave to amend on essentially the same ground. It contends that Sharp should have noticed its omission sooner and amended prior to the deadline for amendment of pleadings. Aker urges that it would be prejudiced by the amendment.

The court concludes that both motions should be granted for the following reasons.

Despite its argument to the contrary, it appears that Aker will suffer no prejudice from Sharp's amendment. The factual premise of the retaliation claim changes not a whit by the invocation of Chapter 344. Indeed, Kentucky courts look to federal case law for guidance in deciding claims brought under the Kentucky Civil right Act.

> The KCRA provides for execution of the policies embodied in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. *See Palmer v. International Association of*

> *Machinists and Aerospace Workers,* 882 S.W.2d 117, 119 (Ky. 1994). Thus, in order to establish a violation of the KCRA, a plaintiff must prove the same elements as required for a prima facie case of discrimination under Title VII. Kentucky courts look to federal decisions interpreting the federal act, and these cases are "most persuasive, if not controlling, in interpreting the Kentucky statute. *White v. Rainbo Baking Co.*, 765 S.W.2d 26, 28 (Ky.App. 1988); *Commission on Human Rights v. Commonwealth*, 586 S.W.2d 270, 271 (Ky.App. 1979).

*Henn v. Pinnacle Publishing, LLC*, No. 12-307-KSF, 2012 WL 6096670 (E.D.Ky. Dec. 7, 2012); *see also Aytes v. Federal Express Corporation*, No. 5:10CV-230-KSF, 2012 WL 1831272, *11 (E.D.Ky. May 18, 2012 ("Plaintiffs first note, correctly, that the KCRA is interpreted consistently with Title VII. *Gibson v. Finish Line, Inc. of Del.*, 261 F.Supp.2d 785, 789 (W.D.Ky. 2003).").

The only apparent prejudice is to Aker's ability to obtain complete dismissal of the case on a technical ground.[2]

> The court notes that
>
> Plaintiff may only amend the complaint with "the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Rule 15(a)(2) directs that the "court should freely give leave when justice so requires." *Id.* This rule gives effect to the principle that, as far as possible, cases should be determined on their merits and not on technicalities. *Cooper v. Am. Employers' Ins. Co.*, 296 F.2d 303, 306 (6th Cir. 1961). Denial of leave to amend may be appropriate "where there is undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Miller v. Champion Enters., Inc.*, 346 F.3d 660, 690 (6th Cir. 2003).

*Webb v. Republic Bank & Trust Co.,* No. 3:11-CV-423-R, 2012 WL 2254205 (W.D.Ky. June 15, 2012).

The court has not been shown that Sharp was in bad faith or was dilatory, or that Aker will suffer undue prejudice by the amendment. Diversity jurisdiction was pled in the original complaint. Leave to amend will be granted.

---

[2]Aker has not argued that amendment would be futile. *See* DN 38.

Aker has moved for summary judgment on the ground that Sharp did not file his claim of retaliation under the ADEA within ninety days of his receipt of a right-to-sue letter from the EEOC. Sharp filed an EEOC charge on April 22, 2011. The EEOC issued a right-to-sue letter on September 19, 2011. Sharp filed this action alleging violation of the ADEA on January 23, 2012, 126 days after the EEOC issued the letter. Sharp has not refuted these facts. As Sharp failed to comply with the ninety-day mandate, *see* 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e), Sharp's ADEA claim must be dismissed as time-barred. *See Gui v. Inkster School Districts,* No. 12-15654, 2013 WL 1282020 (E.D.Mich. March 27, 2013) *citing Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)("Absent compelling equitable considerations, a court should not extend limitations by even a single day," *citing Johnson v. United States Postal Service*, 863 F.2d 48 (Table), 1988 WL 122962, at *3 (6th Cir. Nov. 16, 1988)).

A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

September 6, 2013

    **Charles R. Simpson III, Senior Judge**
        **United States District Court**