FILED
VANESSA L. ARMSTRONG
JUN 18 2015
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TOMMY D. SHARP                                                              PLAINTIFF

v.                                                       CIVIL ACTION NO. 3:11-CV-00688-CRS

AKER PLANT SERVICES GROUP, INC.                           DEFENDANT

### COURT'S INSTRUCTIONS TO THE JURY

Ladies and Gentlemen:

Now that you have heard all of the evidence, and the argument of the attorneys, it is my duty to give you instructions as to the law applicable in this case.

It is your duty as jurors to follow the law as stated in the instructions, and to apply that law to the facts you find from the evidence.

You are not to single out one instruction alone as stating the law. You must consider the instructions as a whole.

You are not to be concerned with the wisdom of any rule of law stated by the court. You must apply the law given in these instructions whether you agree with it or not.

It is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses, live and by deposition, and the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that controls.

You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which you feel are justified in light of your own common sense.

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness, and the weight to be given to the testimony of each witness.

In determining the credibility of any witness, you may properly consider the demeanor of the witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

The statements, objections, and arguments made by the lawyers are not evidence. What the lawyers have said to you is not binding upon you.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You should be guided in your deliberations by the quality and credibility of the evidence you have heard.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

As you have heard in this case, Tommy D. Sharp asserts that his former employer, Aker Plant Services Group, Inc., did not rehire him in retaliation for his filing and pursuit of a claim

for age discrimination, and asserts that he suffered various damages as a result of the decision not to rehire him. In these instructions, I will refer to the parties as "Sharp" and "Aker," rather than continually repeating their names in full.

To be clear, this matter is not about whether age discrimination occurred during Sharp's employment with Aker. Sharp pursued that claim, and Aker was found not liable for age discrimination.

The matter on which you have heard evidence concerns an alleged act of retaliation in response to Sharp's filing and pursuit of a claim for age discrimination. This retaliation claim is a separate and distinct claim that you must now consider. Sharp contends that the alleged retaliation took place after he no longer worked for Aker.

This case should be considered and decided by you as an action between persons of equal standing in the community, holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as an individual.

A corporation acts through its employees.

You should not consider the financial resources of either party in making your decision.

## A.

## RETALIATION

Under the Age Discrimination in Employment Act and the Kentucky Civil Rights Act, it is unlawful for an employer to retaliate against an applicant for employment because such individual filed and pursued a claim for age discrimination.

In order to succeed on his claim for retaliation, Sharp must prove that each of the following elements is more likely true than not true:

(1)     Sharp filed and pursued a claim for age discrimination;

(2)     Aker had knowledge of that claim;

(3)     Aker did not rehire Sharp;

(4)     Aker did not rehire Sharp because of his claim for age discrimination.

The parties agree as to the first three elements listed above. Therefore, you need only consider the fourth element.

Sharp contends that Aker did not rehire him because of his claim for age discrimination. The phrase "because of" his claim for age discrimination means that Sharp's age-discrimination claim was the "reason" that Aker decided not to rehire him. The claim for age discrimination need not be the sole factor. However, Sharp cannot succeed on the claim for retaliation unless his age-discrimination claim actually played a role in Aker's decision and had a determinative influence on that decision not to rehire him.

Do you believe from the evidence that it is more likely true than not true that Aker did not rehire Sharp because of his claim for age discrimination?

You will indicate your answer to this question on Verdict Form A. Have your foreperson sign and date the form.

-5-

If you find for Sharp, you will proceed to the next instruction. If you find for Aker, you will end your deliberations and return to the courtroom.

## B.

## DAMAGES

If you have found Aker liable on Verdict Form A, you must now determine what sum or sums of money will fairly and reasonably compensate Sharp for any damages which you find from the evidence resulted from the retaliation you have found occurred in this case. Sharp seeks the following damages:

(1) A sum, not to exceed $8,000.00 for out-of-pocket expenses;

(2) A sum, not to exceed $1,200,000.00 for emotional distress, humiliation, embarrassment, pain and suffering.

Sharp is entitled to recover damages that are reasonably certain in existence and amount and that have been proved to you by the greater weight of the evidence. You may not award damages that are remote and speculative, nor may you award damages based on sympathy or guesswork. In addition, Sharp had a duty to exercise reasonable care to reduce and minimize any damages he may have sustained and to the extent he failed to exercise such care you must reduce your award accordingly.

In determining the amount of damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. The law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

The damages you award must be fair compensation—no more and no less. In awarding this measure of damages, no evidence of the monetary value of such intangible things as emotional distress has been, or need be, introduced into evidence. There is no exact standard for

-7-

fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at trial.

You will indicate your award of damages, if any, on Verdict Form B, have your foreperson sign and date the form, end your deliberations, and return to the courtroom.

Your verdicts must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdicts must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

During your deliberations, you must not discuss this case with anyone outside the jury, or provide anyone outside the jury with any information about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, BlackBerry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, Instagram, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I have accepted your verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will speak for you here in court.

Forms for verdicts have been prepared for your convenience.

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson fill in, date, and sign the forms

which set forth the verdicts upon which you unanimously agree with respect to each issue in this case; you will then return your verdicts to the courtroom.

## VERDICT FORM A

| United States District Court | District<br>Western District of Kentucky |
|---|---|
| Case Title<br><br>TOMMY D. SHARP<br><br>v.<br><br>AKER PLANT SERVICES GROUP, INC. | Docket No.<br><br><br><br>CIVIL ACTION NO. 3:11-CV-00688-CRS |

Do you believe from the evidence that it is more likely true than not true that the defendant, Aker Plant Services Group, Inc., did not rehire the plaintiff, Tommy D. Sharp, because of his claim for age discrimination?

_____ Yes          _____ No

| Foreperson's Signature | Date |
|---|---|
|  |  |

**VERDICT FORM B**

| United States District Court | District<br>Western District of Kentucky |
|---|---|
| Case Title<br><br>TOMMY D. SHARP<br><br>v.<br><br>AKER PLANT SERVICES GROUP, INC. | Docket No.<br><br><br>CIVIL ACTION NO. 3:11-CV-00688-CRS |

WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND DAMAGES AS FOLLOWS:

(1) Out-of-pocket expenses

_____
(not to exceed $8,000.00)

(2) Emotional distress, humiliation, embarrassment, pain and suffering

_____
(not to exceed $1,200,000.00)

TOTAL:

_____
(not to exceed $1,208,000.00)

| Foreperson's Signature | Date | |
|---|---|---|